NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE PEDRO RIVAS GARCIA, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 21-1262 Agency No. A206-686-306 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2026**

Before: GOULD, RAWLINSON, and VANDYKE, Circuit Judges.

Petitioner Josue Pedro Rivas-Garcia, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an Immigration Judge's ("IJ") order denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review questions of law de novo. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review "denials of asylum, withholding of removal, and CAT relief for substantial evidence" and reverse agency decisions only if the record *compels* a different conclusion. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted).

1. By failing to raise them in his appeal to the BIA, Rivas-Garcia failed to exhaust his arguments that he was persecuted based on political opinion, or based on his claimed membership in the alternative particular social groups ("PSGs") (1) young Salvadorians extorted by criminal gangs and (2) young Salvadorians who did not cooperate with the gangs due to their religious beliefs. Rivas-Garcia also failed to challenge the IJ's bases for denying CAT relief. Rivas-Garcia's failure to exhaust these issues before the agency bars our review of the claims. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional but is a mandatory claim-processing rule if raised by the government).

2. The agency did not err in finding that, because he only "reported the threat

he experienced on one occasion to the authorities and did no more" and "did not take any significant concrete steps to oppose the gangs," Rivas-Garcia failed to establish membership in a cognizable social group. As the agency explained, isolated and non-public resistance to gang membership of this sort does not constitute a cognizable particular social group.

3. Furthermore, substantial evidence supports the agency's finding that Rivas-Garcia failed to establish the required nexus between the alleged harms and the PSG: "young Salvadorian[s] who reported gang extortion to the police." "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Likewise, evidence of purely personal retribution for reporting a crime bears no nexus to a protected ground. *Molina-Morales v. I.N.S.*, 237 F.3d 1048, 1052 (9th Cir. 2001). A reasonable factfinder could conclude from the record that Rivas-Garcia "was not targeted for harm based on his membership in [a PSG] because … the gang members' threats to [Rivas-Garcia] were likely an effort to gain his financial and physical support, i.e., his membership in their gang, his assistance in transporting their drugs and weapons, and his money."

4. Because Rivas-Garcia "failed to satisfy the lesser standard of proof required to establish eligibility for asylum, [he] necessarily failed to demonstrate

eligibility [under the higher "clear probability" standard] for withholding of deportation." *Fisher v. I.N.S.*, 79 F.3d 955, 965 (9th Cir. 1996).

**PETITION DENIED.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. No. 2.